# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| SHARON ROGERS, | : | |
| Plaintiff, | : | |
| | | Case No. 3:10cv00383 |
| vs. | : | |
| | | District Judge Walter Herbert Rice |
| MICHAEL J. ASTRUE, | : | Magistrate Judge Sharon L. Ovington |
| Commissioner of the Social | | |
| Security Administration, | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATIONS[1]

This case was previously remanded to the Social Security Administration under Sentence Four of 42 U.S.C. §405(g) for further proceedings.  The case is presently before the Court upon Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. 2412(d) (Doc. #15), the Commissioner's Response (Doc. #16), Plaintiff's Reply (Doc. #17), and the record as a whole.

Plaintiff seeks an award of attorney fees under the EAJA in the total amount of $4,585.36.  Plaintiff calculates this amount by multiplying the number of attorney hours worked in this case, 26 hours, times the hourly rate of $176.36.  The Commissioner

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

contends that Plaintiff's hourly rate is excessive because it exceeds the EAJA's statutory hourly rate of $125.00, and Plaintiff has offered no evidence indicating that the increased hourly rate she seeks – $176.36 – is in line with the prevailing rate charged in the community for similar services by attorneys of reasonably comparable skills, experience, and reputation.

The EAJA provides in part:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. §2412(d)(1) (parentheses omitted).

"In requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase. Plaintiffs must 'produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009)(internal citation omitted). "In accordance with the Sixth Circuit decision in *Bryant*, the submission of the Consumer Price Index, standing alone, is insufficient to satisfy the burden of proving that the higher hourly rate requested by counsel is justified." *Douglas v. Commissioner of Soc. Sec.*, 2012 WL 931100 at *2 (S.D. Ohio, March 19, 2012)(Rice, D.J.).

In response to the Commissioner's contentions, Plaintiff's counsel has submitted his affidavit; a 2007 study of attorney-fee rates titled, <u>The Small Law Firm Economics Survey</u>; the Ohio State Bar Association's 2010 profile of attorneys' hourly billing rates, noting that the mean rate charged by attorneys in Dayton, Ohio was $209.00 per hour and that the mean rate charged by attorneys with more than 25 years of experience was $225.00 per hour; and copies of several sworn affidavits by attorneys who practice social security law in this geographic region. (Doc. #17, PageID at 1027-46). Plaintiff's evidence satisfies her burden – mandated by *Bryant*, 578 F.3d at 450 – of producing satisfactory evidence to warrant an increase in this case of the hourly rate of attorney fees under the EAJA from $125 per hour to $176.36.

Accordingly, Plaintiff's EAJA Motion is well taken.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act, 28 U.S.C. 2412(d) (Doc. #15) be GRANTED;

2. Plaintiff be granted an award of attorney fees in the total amount of $4,585.36; and

3. The case remain terminated on the docket of this Court.


September 20, 2012

                                                                                              s/Sharon L. Ovington
                                                                                                Sharon L. Ovington
                                                                        United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).